UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SANDY DE LOS SANTOS,

    Petitioner,

v.                                        Case No: 5:24-cv-148-JSS-PRL

WARDEN, FCC COLEMAN-LOW,

    Respondent.
_____/

**ORDER**

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) He claims that he is entitled to immediate release under the First Step Act (FSA). (*Id.* at 7.) Respondent contends that Petitioner is ineligible to apply his FSA credits because he is subject to a final order of removal. (Dkt. 5 at 2.) An evidentiary hearing is unnecessary because Petitioner's claim requires no further factual development. *See Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003). For the reasons outlined below, the petition for writ of habeas corpus (Dkt. 1) is dismissed.

Petitioner is serving a 36-month sentence at Coleman Federal Correctional Complex for possessing with intent to distribute cocaine on board a vessel, in violation of 46 U.S.C. § 70503. (*See* Case No. 4:21cr76-EWH-RJK-2 (E.D. Va.) (Criminal Case), Dkt. 64 at 2.) Petitioner moved to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). (Criminal Case, Dkt. 69.) The Eastern District of Virginia denied the motion. (Criminal Case, Dkt. 72.) Petitioner then filed his petition for writ of

habeas corpus with this court. (*See* Dkt. 1 at 8.) He asserts one ground for relief: that the Bureau of Prisons wrongfully revoked his FSA credits because he is subject to a final order of removal. (*Id.* at 6.) He claims that he is not subject to a final order of removal, and he requests an order instructing the Bureau of Prisons to reinstate his FSA credits. (*Id.* at 6–7.)

Habeas corpus is the "exclusive remedy" for prisoners seeking "'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). A section 2241 petition furnishes a basis to challenge the execution, rather than the validity, of the sentence. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1129 (11th Cir. 2017) (en banc). Petitioner claims entitlement to FSA credits that would result in a shortened sentence and his immediate release. (*See* Dkt. 1.) Therefore, his claim is properly brought under section 2241.

Under the FSA, federal prisoners may earn and apply time credits to any remaining custody or supervised release. 18 U.S.C. § 3632(d)(4)(A), (C). However, a prisoner who is "the subject of a final order of removal under any provision of the immigration laws" is ineligible to apply time credits. 18 U.S.C. § 3632(d)(4)(E)(i). In addition, Bureau of Prisons regulations provide that "any inmate eligible to earn FSA [t]ime [c]redits" who is "[s]ubject to a final order of removal under immigration laws" of the United States "may not apply FSA [t]ime [c]redits toward prerelease custody or early transfer to supervised release." 28 C.F.R. § 523.44(a)(2).

Petitioner is subject to a final order of removal under 8 U.S.C.

§§ 1182(a)(7)(A)(i)(I) and 1225(b)(1). (Dkt. 5-1 at 2.) The final order of removal renders Petitioner ineligible to apply FSA credits to his sentence. Although Petitioner states that to his knowledge, "he has never had a [f]inal [o]rder of [d]eportation entered against him," (Dkt. 1-1 at 1), the court credits the order of removal filed by Respondent, (Dkt. 5-1 at 2).

Accordingly:

1. The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED**.
2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on October 17, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record